### In the United States Court of Federal Claims

| | |
|---|---|
| PLAINTIFF NO. 1, *et al*,  <br>                          Plaintiffs,  <br>     v.  <br>  THE UNITED STATES,  <br>                          Defendant. | No. 23-cv-0723  <br>  (Filed: September 16, 2025) |

**<u>ORDER</u>**

      Plaintiffs, current or former occupants of seven positions at the FBI, allege that the FBI violated the Fair Labor Standards Act ("FLSA") by requiring them to use compensatory time instead of annual leave in certain circumstances. Plaintiffs wish to pursue this litigation as a collective action on behalf of similarly situated former or current FBI employees. On December 2, 2024, Plaintiffs filed a Motion for Conditional Certification, *see* ECF No. 104 ("Mot. to Certify"), requesting that the Court allow them to provide notice to FBI employees holding five job titles who allegedly are similarly situated to Plaintiffs. The Court previously granted Plaintiffs' unopposed request to conditionally certify a collective involving two FBI job titles and provide notice to individuals who held those titles. *See* Order, ECF No. 49.

      The FLSA does not prescribe a process or standard to govern joinder of putative collective members; rather, courts are given "wide discretion." *Smith v. United States*, 156 Fed. Cl. 471, 478 (2021) ("*Smith I*") (citing *Hoffmann–La Roche v. Sperling*, 493 U.S. 165, 169–71 (1989)); *accord Smith v. United States*, 163 Fed. Cl. 155, 165 (2022) ("*Smith II*"). In the absence of a controlling rule or standard, courts have taken different procedural approaches to joinder and the provision of notice in FLSA collective actions. *See, e.g., Valte v. United States*, 155 Fed. Cl. 561, 567 (2021) (collecting cases applying a two-step analysis to conditional certification); *Clark v. A&L Homecare & Training Ctr. LLC*, 68 F. 4th 1003, (6th Cir. 2023) (conducting a single-step analysis to conditional certification); *Valte*, 155 Fed. Cl. at 568, n.5 (collecting cases applying Rule 23 standards to FLSA collective actions); *Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300, 1309 (D. Colo. 2015) (disclaiming a formal certification process and liberally allowing cases to proceed as collective actions). Courts frequently apply a two-step analysis in which the judge first conditionally certifies a collective and allows notice to be sent to putative plaintiffs upon a modest showing that the proposed members are similarly situated to plaintiff, and then, after discovery, more closely scrutinizes whether the collective members are similarly situated and decertifies the collective if they are not. *See, e.g.*, *Smith II*, 163 Fed. Cl. at 165–66; *Gayle v. United States*, 85 Fed. Cl. 72, 77 (2008). Other courts employ a streamlined single-step analysis that requires a more robust showing that potential plaintiffs are similarly

situated, often requiring discovery, before deciding "whether and to whom notice should be issued." *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 441–43 (5th Cir. 2021).

      Although the Scheduling Order does not explicitly address whether the Court intended to adopt a single- or two-step process before allowing potential plaintiffs to be notified, it does clearly contemplate that Plaintiffs would seek certification of a collective after conducting some discovery.[1] The original Scheduling Order, ECF No. 30, required that preconditional certification discovery be completed before Plaintiffs filed a motion for conditional certification. As the consent motion to certify a collective applied to only two of the seven job titles at issue in the Complaint, discovery continued after the Court allowed notice to be sent to those two groups of employees. The Scheduling Order was amended multiple times after the Court conditionally certified the smaller collective, and the amended schedules continued to set the deadline to complete pre-certification discovery *before* the deadline for Plaintiffs' motion for conditional certification for the remaining five groups of employees. *See* Order, ECF No. 51; Order, ECF No. 88 (setting the pre-certification discovery deadline as December 10, 2024 and the deadline for any motion for conditional certification as January 3, 2025). On December 3, 2024, the United States filed an Unopposed Second Motion for Enlargement of Time, *see* ECF No. 106, seeking an extension of *only* the pre-certification discovery deadline. The discovery deadline has since been extended four times, and November 4, 2025 is the current deadline to complete pre-certification discovery. *See* Minute Order, July 25, 2025.

      It appears that Judge Bruggink, the prior presiding judge, applied the two-step approach to the two job titles that the parties agreed were sufficiently similarly situated to receive notice of the collective action, but anticipated that the Court's review of whether to allow notice for individuals who held the remaining five job titles would be bolstered by the record developed in discovery.[2] Plaintiffs contend that the discovery conducted before the Motion was filed is sufficient to show that current and former employees holding the remaining five job titles are similarly situated to Plaintiffs and should receive notice. *See* Mot. to Certify at 7. The United States does not contend otherwise, but asserts that it would be more efficient to stay consideration of the certification request until the Court resolves the United States' pending Motion for Partial Judgment on the Pleadings, ECF No. 107. *See* Response to Pls.' Second Mot. for Conditional Certification and Notice, ECF No. 110.

      Given that the parties have conducted extensive discovery that should be completed by November 4, 2025, the Court will defer consideration of the certification and notice issue until after discovery has been completed. If the Court applies a two-step process and grants Plaintiffs' Motion without reference to any of the discovery that has been conducted since the Motion was filed, a motion for decertification of the collective could be filed right on the heels of when notice is issued. It is a more efficient use of the Court's and the parties' resources to apply a

---

[1] Judge Eric G. Bruggink presided over the case when the Order was issued; the case has since been transferred to the undersigned.

[2] Plaintiffs construe the Court's Scheduling Order as adopting the two-step analysis. *See* Mot. to Certify at 8.

more streamlined single-step framework and evaluate the certification request with the benefit of discovery.  The Court has previously endorsed the two-step framework, *see Newson-Pace v. United States*, 177 Fed. Cl. 262 (2025), but the unique circumstances of this case warrant a departure.  Accordingly, the Court will deny without prejudice the pending motion for certification and will allow the parties to re-brief the issue after completing pre-certification discovery.  If the discovery deadline is extended beyond November 4, 2025, Plaintiffs may ask the Court to consider the Motion based on the record developed to date instead of further deferring its ruling.

For the reasons stated above, Plaintiffs' Motion for Conditional Certification, ECF No. 104, is **DENIED** without prejudice until the completion of pre-certification discovery.

**IT IS SO ORDERED.**

ROBIN M. MERIWEATHER
Judge